IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LONNIE H. WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-09-648-D |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security Administration ) | |
| ) | |
| Defendant. ) | |

REPORT AND RECOMMENDATION

Plaintiff seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying his concurrent applications for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1382. Defendant has answered the Complaint and filed the administrative record (hereinafter TR___), and the parties have briefed the issues. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Commissioner's decision be affirmed.

I. Background

Plaintiff filed his applications for disability benefits on April 18, 2006.[1] (TR 13). In

---

[1]These applications do not appear in the administrative record. The only applications appearing in the record are those completed by Plaintiff in connection with his previous applications. Those applications were denied on initial consideration, and Plaintiff did not appeal the

1

his Disability Report submitted to the agency on May 19, 2006, Plaintiff asserted that he became unable to work on April 15, 2003, due to "[b]ad back, bad knees, migraine headaches and hernia." (TR 58-59). In a Work History Report, Plaintiff stated that he worked as a film stripper from 1992 until May 2001, and he worked as a retail sales representative from May 2003 until November 2003. (TR 76). Plaintiff stated he had also worked part-time as a lawn mower from 2000 until 2003. (TR 59). Plaintiff was last insured for the purpose of disability insurance benefits on March 31, 2006. (TR 65).

Plaintiff's applications were administratively denied. (TR 24, 25, 259, 264). At Plaintiff's request, a hearing *de novo* was conducted on July 25, 2007, before Administrative Law Judge Keltch ("ALJ"). (TR 270-310). During this hearing, Plaintiff testified that he was 58 years old and had completed one year of college. (TR 275). Plaintiff testified that he mowed lawns and performed odd jobs, including home repairs and painting, for neighbors and that he was also working to repair three houses left to him by his deceased father. (TR 283-284, 299). Plaintiff stated he also occasionally worked as a musician in a band. (TR 290). Plaintiff described constant lower back pain "like a nagging backache" caused by his left hip joint's degeneration. (TR 287-288). Plaintiff also described depression related to his father's death approximately nine years previously, daily headaches eased by drinking coffee, and numbness in the thumb and two fingers in his right hand. (TR 288-289). Plaintiff stated that the pain medication prescribed for his lower back pain was helpful and caused side

---

determination.

effects if he did not take it with food. (TR 291-292). Plaintiff described difficulty with reading comprehension and concentration that he related to depression caused by the death of family members, but Plaintiff indicated these symptoms were improving and he was no longer taking antidepressant medication. (TR 292, 295). Plaintiff estimated he could sit for 45 minutes to an hour, lift 40 pounds, and walk one mile. (TR 294).

The ALJ subsequently issued a decision in which the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. (TR 13-18). The Appeals Council declined Plaintiff's request to review the decision. (TR 4-8). Plaintiff now seeks judicial review of the final decision of the Commissioner embodied in the ALJ's decision.

II. Standard of Review

Judicial review of this action is limited to determining whether the Commissioner's decision is based upon substantial evidence and whether the correct legal standards were applied. Emory v. Sullivan, 936 F.2d 1092, 1093 (10th Cir. 1991). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." Musgrave v. Sullivan, 966 F.2d 1371, 1374 (10th Cir. 1992). Because "all the ALJ's required findings must be supported by substantial evidence," Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999), the ALJ must "discuss[ ] the evidence supporting [the] decision" and must also "discuss the uncontroverted evidence [the ALJ] chooses not to rely upon, as well as significantly probative evidence [the ALJ] rejects." Clifton v. Chater, 79 F.3d 1007, 1010 (10th Cir. 1996). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Hamilton v. Secretary of Health & Human Servs.,

961 F.2d 1495, 1498 (10th Cir. 1992). However, the court must "meticulously examine the record" in order to determine whether the evidence in support of the Commissioner's decision is substantial, "taking into account whatever in the record fairly detracts from its weight." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004)(internal quotation omitted).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i), 1382c(a)(3)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520(b)-(f), 416.920(b)-(f) (2009); see also Grogan v. Barnhart, 399 F.3d 1257, 1261 (10th Cir. 2005)(describing five steps in detail). Where a *prima facie* showing is made that the plaintiff has one or more severe impairments and can no longer engage in prior work activity, "the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity (RFC) to perform work in the national economy, given [the claimant's] age, education, and work experience." Grogan, 399 F.3d at 1261; accord, Channel v. Heckler, 747 F.2d 577, 579 (10th Cir. 1984).

III. ALJ's Decision

Following the established sequential procedure, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date, April 15, 2003. (TR 15). At step two, the ALJ found that Plaintiff had severe impairments

due to degenerative disease of the left hip and "MRSA furunculosis." (TR 15). The ALJ specifically found that Plaintiff did not have a severe mental impairment. (TR 15-16). At step three, the ALJ found that Plaintiff's impairments were not disabling *per se* under the agency's Listing of Impairments. (TR 16). At the fourth step, the ALJ summarized the medical record and Plaintiff's testimony and found that Plaintiff had the residual functional capacity ("RFC") to perform the requirements of work at the medium exertional level. (TR 16-18). Relying on Plaintiff's statements concerning the exertional requirements of his previous jobs as a film stripper and sales representative, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act because he maintained the RFC to perform these previous jobs. (TR 18).

IV. ALJ's Duty to Develop the Record

Plaintiff contends that the ALJ erred by failing to develop the record in Plaintiff's case. Specifically, Plaintiff asserts that the ALJ should have included in the record and considered the report of a consultative psychological evaluation of Plaintiff conducted by Dr. Miles on January 27, 2005, in connection with Plaintiff's previous application for disability benefits. At the administrative hearing, the ALJ stated he had before him the "prior application folder that was denied at the disability determination division in '05" and that he would consider "the evidence in there if there is anything there that is not in the new file." (TR 274). In the ALJ's decision, the ALJ did not refer to any evidentiary materials contained in Plaintiff's "prior application folder." Plaintiff submits that Dr. Miles' report was included in the "prior application folder," and Defendant does not dispute this assertion.

5

Even though Dr. Miles' report does not appear in the administrative record completed with respect to Plaintiff's most recent applications, the ALJ stated in the decision that he considered all of the evidence. (TR 13, 15). In light of the ALJ's statements at the hearing, the evidence contained in the "prior application folder" was apparently available for the ALJ's consideration. "The ALJ has a basic obligation in every social security case to ensure that an adequate record is developed during the disability hearing consistent with the issues raised." Henrie v. United States Dep't of Health and Human Servs., 13 F.3d 359, 360-361 (10th Cir. 1993). It is not the ALJ's duty, however, to be the claimant's advocate, and "the ultimate burden of proving that [the claimant] is disabled under the regulations" is borne by the claimant. Id. at 361. "Ordinarily, the claimant must in some fashion raise the issue sought to be developed which, on its face, must be substantial. Specifically, the claimant has the burden to make sure there is, in the record, evidence sufficient to suggest a reasonable possibility that a severe impairment exists." Flaherty v. Astrue, 515 F.3d 1067, 1071 (10th Cir. 2007)(quotation omitted).

Plaintiff did not request that the ALJ consider Dr. Miles' report in connection with Plaintiff's applications. Plaintiff only briefly referred to Dr. Miles' report in a 2-page letter brief (entitled "Objections to ALJ Decision") presented with Plaintiff's appeal of the ALJ's decision to the Appeals Council. (TR 268). In the brief, Plaintiff pointed out that Dr. Miles noted Plaintiff had "a current GAF of 51 with an impaired ability to sustain concentration and persistence" and that Plaintiff's "ability to adapt to work situations was impaired by chronic pain." (TR 268). Plaintiff's characterization of Dr. Miles' report in the letter brief did not

"suggest a reasonable possibility that a severe [mental] impairment exist[ed]." Flaherty, 515 F.3d at 1071. Thus, the Commissioner had no duty to develop the record to expressly include or consider Dr. Miles' report.

Moreover, Plaintiff did not allege that a mental impairment significantly impacted his ability to work. (TR 58, 68-75, 287-288, 292). Plaintiff stated at his hearing that he had previously taken antidepressant medication but had voluntarily ceased taking the medication because of adverse side effects and because his depression was situationally related to the deaths of family members. (TR 292). Plaintiff described some difficulty with reading comprehension and stated that he wrote notes to himself to alleviate short term memory problems, but his statements were vague and did not "suggest a reasonable possibility that a severe [mental] impairment exist[ed]." Flaherty, 515 F.3d at 1071. "A minor impairment of one's memory, which most individuals suffer as they age, does not rule out all substantial gainful activity." Wall v. Astrue, 561 F.3d 1048, 1063 (10th Cir. 2009). Based on Plaintiff's testimony, the ALJ could reasonably assume that Plaintiff's comprehension and memory problems were not relevant to the issue of his alleged disability, and no error occurred with respect to the ALJ's development of the record.

V. Step Two Determination

Plaintiff contends that the ALJ's finding of a nonsevere mental impairment was not supported by the record. At step two, the ALJ must determine "whether the claimant has a medically severe impairment or combination of impairments." Bowen v. Yuckert, 482 U.S. 137, 140-141(1987). This determination is governed by the agency's "severity regulation"

at 20 C.F.R. §§ 404.1520(c), 416.920(c) (2009). Pursuant to this regulation, the claimant must make a "threshold showing that his medically determinable impairment or combination of impairments significantly limits his ability to do basic work activities." Williams v. Bowen, 844 F.2d 748, 750-751 (10th Cir. 1988). Although the claimant must make only a "de minimis" showing that the medical condition is medically severe, "the claimant must show more than the mere presence of a condition or ailment." Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997).

In the ALJ's decision, the ALJ summarized the medical record, which contained Plaintiff's treatment records from the Veteran's Administration Medical Center ("VAMC") in Oklahoma City, Oklahoma. These records show that Plaintiff was treated for methicillin-resistant staph aureus ("MRSA") infection, high blood pressure, depression, and lower back and hip pain related to degenerative disease of his left hip. The ALJ summarized the findings of a medical consultant, Dr. Pearce, who reviewed the administrative record and submitted a psychiatric review technique ("PRT") form dated July 5, 2006. (TR 17). The ALJ found that Dr. Pearce's PRT assessment was consistent with the credible evidence in the record and adopted the findings made by Dr. Pearce with respect to functional limitations related to a mental impairment. (TR 15). Based on these functional limitations, which the ALJ found were minimal, the ALJ found that Plaintiff's depression was not severe as it did not significantly interfere with his ability to work. (TR 15-16).

The record of Plaintiff's mental health treatment at VAMC is sparse. Plaintiff was prescribed antidepressant medication at VAMC in August 2004. (TR 203-204). Plaintiff was

evaluated for symptoms of depression at an ambulatory mental health clinic at the VAMC in February 2005. (TR 98-100). Plaintiff reported to the evaluator that he had previously been prescribed antidepressant medication in August 2004, that it helped his symptoms, but that he voluntarily ceased taking the medication and did not refill the prescription. (TR 99). Plaintiff was referred for medication management and advised concerning the availability of therapy at the center. (TR 100). A VAMC staff psychiatrist, Dr. Paladugu, noted Plaintiff's mood was "down" and his affect was "restricted." (TR 122). Dr. Paladugu diagnosed Plaintiff with major depression, recurrent, and prescribed antidepressant medication. (TR 123). Plaintiff was again evaluated at VAMC's ambulatory mental health clinic in June 2006 where he reported he had been prescribed antidepressant medication in February 2005 but had voluntarily ceased taking the medication. He reported he had become increasingly depressed in the previous six months and wished to restart the medication. (TR 114). Plaintiff related his depression symptoms to the recent deaths of three friends and the death of his father approximately six years previously. (TR 163). Plaintiff indicated he was remodeling houses and playing in a band on weekends. (TR 163). He was again referred for medication management and advised of therapeutic opportunities at the center. (TR 115). In June 2007, Plaintiff reported to his VAMC examiner that he had stopped taking the prescribed antidepressant medication in February 2007 as he did not believe he needed the medication and that he was "alright." (TR 246). In July 2007, his VAMC examiner noted Plaintiff's depression was "stable," that Plaintiff reported he had stopped taking antidepressant medication, and that Plaintiff declined follow-up treatment in the mental

health clinic. (TR 244). Plaintiff's testimony at his hearing did not indicate that he was experiencing significant symptoms related to a mental impairment, and he stated he was not taking medication for a mental impairment. There is substantial evidence in the record to support the ALJ's finding that Plaintiff did not have a severe mental impairment.

VI. RFC Assessment

Plaintiff contends that the ALJ's RFC assessment was not supported by substantial evidence in the record. At step four, the ALJ reviewed the medical record and the assessments of the agency's medical consultants and found that Plaintiff had the RFC to perform the requirements of medium exertional work. (TR 16-18). Plaintiff's argument in support of this claim essentially rehashes his previous arguments. No physician has placed limitations on Plaintiff's ability to work, and his sporadic records of medical treatment do not indicate the existence of significant exertional or nonexertional limitations adversely affecting his ability to perform work at the medium exertional level.[2] Plaintiff estimated he could lift forty pounds and walk one mile (TR 294), and the record shows Plaintiff continued to perform activities indicating the ability to work, including remodeling houses, mowing lawns, performing home repair jobs for neighbors, and occasionally working part-time as a musician after he allegedly became disabled. No error occurred with respect to the ALJ's reasoned consideration of the evidence in the record, and there is substantial evidence in the record to support this RFC finding. Therefore, the Commissioner's decision should be

---

[2]Medium work is classified as work involving lifting up to 50 pounds with frequent lifting or carrying of objects weighing up to 25 pounds. 20 C.F.R. §§ 404.1567(c), 416.967(c).

affirmed.

RECOMMENDATION

In view of the foregoing findings, it is recommended that judgment enter AFFIRMING the decision of the Commissioner to deny Plaintiff's applications for benefits. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court on or before       April 14th, 2010, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    24th    day of    March   , 2010.

*/s/ Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE