IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| LONNIE H. WILSON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-09-648-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff brought this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's applications for disability insurance and supplemental security income benefits under Title II and Title XVI of the Social Security Act, 42 U. S. C. §§416(i),423, and 1382. The matter was referred to United States Magistrate Judge Gary M. Purcell for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B).

On March 24, 2010, the Magistrate Judge filed a Report and Recommendation [Doc. No. 23] in which he recommended that the Commissioner's decision be affirmed. Because Plaintiff timely objected, the matter is reviewed *de novo*.

In reviewing the Commissioner's decision, the Court may not reweigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Washington v. Shalala,* 37 F. 3d 1437, 1439-40 (10th Cir. 1994); *Castellano v. Secretary of Health & Human Servs.*, 26 F. 3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a

reasonable person might deem adequate to support the ultimate conclusion. *Castellano*, 26 F. 3d at 1028. Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The decision of the Administrative Law Judge ("ALJ") in a Social Security disability hearing must be supported by substantial evidence; in addition to discussing the evidence supporting his decision, the ALJ must also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects. *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

In this case, Plaintiff claimed inability to work based on a "bad back, bad knees, migraine headaches and hernia." Plaintiff was 58 years old at the time of the July 25, 2007 hearing before the ALJ; he testified that his prior work included almost ten years as a film stripper, followed by employment as a retail sales representative for less than one year in 2003. In addition, he worked part-time as a lawn mower for three years. During the hearing, he testified that he currently mowed lawns and performed odd jobs, including home repairs and painting, for neighbors; he was also repairing three houses he inherited after his father's death. In addition, Plaintiff testified he occasionally worked as a musician. Plaintiff described lower back pain caused by his hip degeneration; he also testified he suffered depression caused by his father's death nine years earlier and said he had daily headaches and numbness in the thumb and two fingers in one hand. According to Plaintiff, the pain medication prescribed for his back was helpful. Although he described difficulty with reading comprehension and concentration which he believed were caused by depression resulting from the deaths of family members, he testified that these symptoms had improved so that he no longer took antidepressant medication. According to his testimony, Plaintiff

2

can sit for 45 minutes to an hour, lift 40 pounds, and walk one mile. Report and Recommendation, pages 2 and 3 (citing Administrative Record at pages 275 through 295).

As discussed in the Report and Recommendation at pages 4 and 5, the ALJ in this case applied the five-step sequential procedure applicable to Social Security disability determinations. He found that Plaintiff has a severe medical impairment due to degenerative hip disease and "MRSA furunculosis." Report and Recommendation, p. 5 (citing Administrative Record at p. 15). The ALJ specifically found, however, that Plaintiff does not have a severe mental impairment. In addition, the ALJ summarized the medical evidence and Plaintiff's own testimony and concluded that Plaintiff had the residual functional capacity to perform work at the medium exertional level; based on Plaintiff's testimony regarding the exertion required in his past employment positions, the ALJ concluded that Plaintiff has the residual functional capacity to perform his past work. Accordingly, the ALJ concluded Plaintiff is not disabled within the meaning of the Social Security Act.

In seeking reversal of that decision, Plaintiff argued the ALJ failed to properly develop the record because he did not adequately consider the medical evidence regarding Plaintiff's claimed physical and mental impairments. Plaintiff also argued the ALJ erred in assessing Plaintiff's residual functional capacity. In his objection to the Report and Recommendation, Plaintiff contends the Magistrate Judge erroneously rejected these arguments.

In the Report and Recommendation, the Magistrate Judge discussed in detail the evidence in the record, including Plaintiff's testimony and the reports regarding Plaintiff's claimed physical and mental impairments. The Court has reviewed the same, and finds no error in the Magistrate Judge's discussion of the record. Having fully reviewed the matter *de novo*, the Court finds that the Magistrate Judge correctly concluded the ALJ decision was not based on error and that it was

3

supported by substantial evidence in the record. Accordingly, the Report and Recommendation [Doc. No. 23] is ADOPTED as though fully set forth herein. The decision of the Commissioner is AFFIRMED. Judgment shall enter accordingly.

IT IS SO ORDERED this 28th day of May, 2010.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE